IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **REDACTED** |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 06- 115 |
| JOHN T. BROTHERS, III, | : | |
| Defendant. | : | |

### INDICTMENT

The Grand Jury for the District of Delaware charges that:

### COUNT ONE

1.  In or around January 2005, in the State and District of Delaware, John T. Brothers, III, the defendant, did knowingly and with intent to defraud use an unauthorized access device in the name M.K. during a one-year period, thereby obtaining property valued in excess of $1,000, said conduct affecting interstate commerce, all in violation of Title 18, United States Code, Section 1029(a)(2).

### COUNT TWO

2.  In or around January 2005, in the State and District of Delaware, John T. Brothers, III, the defendant, did knowingly use, without lawful authority, a means of identification of M.K. during and in relation to a violation of the credit card fraud statute, 18 U.S.C. § 1029(a)(2), all in violation of Title 18, United States Code, Section 1028A.



FILED
OCT 12 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### COUNT THREE

3.   In or around January 2005, in the State and District of Delaware, John T. Brothers, III, the defendant, did knowingly and with intent to defraud use an unauthorized access device in the name M.M. during a one-year period, thereby obtaining property valued in excess of $1,000, said conduct affecting interstate commerce, all in violation of Title 18, United States Code, Section 1029(a)(2).

### COUNT FOUR

4.   In or around January 2005, in the State and District of Delaware, John T. Brothers, III, the defendant, did knowingly use, without lawful authority, a means of identification of M.M. during and in relation to a violation of the credit card fraud statute, 18 U.S.C. § 1029(a)(2), all in violation of Title 18, United States Code, Section 1028A.

### COUNT FIVE

5.   On or about January 20, 2005, in the State and District of Delaware, John T. Brothers, III, the defendant, did knowingly and with intent to defraud use an unauthorized access device in the name K.K. during a one-year period, thereby obtaining property valued in excess of $1,000, said conduct affecting interstate commerce, all in violation of Title 18, United States Code, Section 1029(a)(2).

### COUNT SIX

6.   On or about January 20, 2005, in the State and District of Delaware, John T. Brothers, III, the defendant, did knowingly use, without lawful authority, a means of identification of K.K. during and in relation to a violation of the credit card fraud statute, 18 U.S.C. § 1029(a)(2), all in violation of Title 18, United States Code, Section 1028A.

## COUNT SEVEN

7.   From on or about January 24, 2005, through on or about January 27, 2005, in the State and District of Delaware, John T. Brothers, III, the defendant, did knowingly and with intent to defraud use an unauthorized access device in the name A.P.L. during a one-year period, thereby obtaining property valued in excess of $1,000, said conduct affecting interstate commerce, all in violation of Title 18, United States Code, Section 1029(a)(2).

## COUNT EIGHT

8.   From on or about January 24, 2005, through on or about January 27, 2005, in the State and District of Delaware, John T. Brothers, III, the defendant, did knowingly use, without lawful authority, a means of identification of A.P.L. during and in relation to a violation of the credit card fraud statute, 18 U.S.C. § 1029(a)(2), all in violation of Title 18, United States Code, Section 1028A.

## COUNT NINE

9.   On or about February 1, 2005, in the State and District of Delaware, John T. Brothers, III, the defendant, did knowingly and with intent to defraud use an unauthorized access device in the name J.O. during a one-year period, thereby obtaining property valued in excess of $1,000, said conduct affecting interstate commerce, all in violation of Title 18, United States Code, Section 1029(a)(2).

## COUNT TEN

10.   On or about February 1, 2005, in the State and District of Delaware, John T. Brothers, III, the defendant, did knowingly use, without lawful authority, a means of identification of J.O. during and in relation to a violation of the credit card fraud statute, 18

U.S.C. § 1029(a)(2), all in violation of Title 18, United States Code, Section 1028A.

## COUNT ELEVEN

11.   From on or about February 23, 2005, through on or about March 18, 2005, in the State and District of Delaware, John T. Brothers, III, the defendant, did knowingly and with intent to defraud use an unauthorized access device in the name J.B. during a one-year period, thereby obtaining property valued in excess of $1,000, said conduct affecting interstate commerce, all in violation of Title 18, United States Code, Section 1029(a)(2).

## COUNT TWELVE

12.   From on or about February 23, 2005, through on or about March 18, 2005, in the State and District of Delaware and elsewhere, John T. Brothers, III, the defendant, did knowingly use, without lawful authority, a means of identification of J.B. during and in relation to a violation of the credit card fraud statute, 18 U.S.C. § 1029(a)(2), all in violation of Title 18, United States Code, Section 1028A.

## COUNT THIRTEEN

13.   On or about March 7, 2005, in the State and District of Delaware, John T. Brothers, III, the defendant, did knowingly and with intent to defraud use an unauthorized access device in the name H.B. during a one-year period, thereby obtaining property valued in excess of $1,000, said conduct affecting interstate commerce, all in violation of Title 18, United States Code, Section 1029(a)(2).

## COUNT FOURTEEN

14.   In or around March 2005, in the State and District of Delaware, John T. Brothers, III, the defendant, did knowingly use, without lawful authority, a means of identification of H.B.

during and in relation to a violation of the credit card fraud statute, 18 U.S.C. § 1029(a)(2), all in violation of Title 18, United States Code, Section 1028A.

### COUNT FIFTEEN

15. On or about March 9, 2005, in the State and District of Delaware, John T. Brothers, III, the defendant, did knowingly possess at least fifteen unauthorized access devices with the intent to defraud, and such conduct affected interstate commerce, all in violation of Title 18, United States Code, Section 1029(a)(3).

### COUNT SIXTEEN

16. On or about June 8, 2005, in the State and District of Delaware, John T. Brothers, III, the defendant, did knowingly possess at least fifteen unauthorized access devices with the intent to defraud, and such conduct affected interstate commerce, all in violation of Title 18, United States Code, Section 1029(a)(3).

### COUNTS SEVENTEEN AND EIGHTEEN

*Introduction*

17. "Phishing" occurs when a person, or "phisher", masquerades as a trustworthy person or business and transmits mass emails via the Internet in an attempt to fraudulently obtain sensitive identity and financial information. The "phisher" generally does this by requesting that the recipient of the message submit sensitive information, such as identity information and/or bank and/or credit card account details. If the recipient responds by submitting his or her sensitive information, the response will be sent to the "phisher" rather than to the trusted person or entity that appears to have sent the message.

## COUNT SEVENTEEN

### *Scheme and Artifice to Defraud*

18. On or about May 5, 2005, John T. Brothers, III, transmitted via the Internet emails purporting to be from PayPal. The email stated that "unusual activity" had been detected in the recipient's account, and that, therefore, "access to your account" was limited and would "remain limited until this issue is resolved." In order to restore full access to their account, the email directed recipients to click on a link contained in the email.

19. Once recipients clicked on the link, they eventually were sent to what appeared to be a legitimate PayPal screen that directed them to enter their name, address, phone number, Social Security number, mother's maiden name, driver's license number and issuing state, date of birth, credit card account information, and PayPal password. Any information submitted was transmitted to John T. Brothers, III, the defendant, rather than to PayPal.

20. Once in possession of the information, the defendant could, and did, use the information, for example, to make fraudulent credit card purchases.

### *Charging Paragraph*

21. On or about May 5, 2005, in the State and District of Delaware, having devised and intending to devise a scheme and artifice to defraud, as described in paragraphs 17 through 20 above, incorporated herein by reference, and for the purpose of executing such scheme and artifice to defraud, John T. Brothers, III, the defendant, did knowingly transmit by means of wire in interstate commerce "phishing" emails via the Internet, all in violation of Title 18, United States Code, Section 1343.

## COUNT EIGHTEEN

*Scheme and Artifice to Defraud*

22.     In or around May 2005, John T. Brothers, III, the defendant, created a phishing email purporting to be from Citizens Bank. The email stated, "As part of our continuing commitment to protect your account and to reduce the instance of fraud on our website, we are undertaking a period [sic] review of our member accounts." Recipients were told that they had two days to confirm their account information, and that if they failed to meet the deadline, their "account will be suspended." The email then directed the recipient to click on the link.

23.     If recipients clicked on the link, they eventually would be sent to what appeared to be a legitimate Citizens Bank update screen that directed them to enter sensitive financial information, such as account number, account password, and PIN. Any information submitted would be transmitted to John T. Brothers, III, the defendant, rather than to Citizens Bank.

*Charging Paragraph*

24.     In or around May 2005, in the State and District of Delaware, having devised and intending to devise a scheme and artifice to defraud, as described in paragraphs 17, 22 and 23 above, incorporated herein by reference, and for the purpose of executing such scheme and artifice to defraud, John T. Brothers, III, the defendant, did knowingly attempt to transmit by

/     /     /     /

A TRUE BILL:


_____
Foreperson


COLM F. CONNOLLY
United States Attorney

BY: _____
Beth Moskow-Schnoll
Assistant United States Attorney


Dated: October 12, 2006

