IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 06-115-SLR |
| JOHN T. BROTHERS, III, | : |
| Defendant. | : |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by Colm F. Connolly, United States Attorney for the District of Delaware, and Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and the defendant, John T. Brothers, III, by and through his attorney, Christopher Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1.   The defendant, John T. Brothers, III, agrees to plead guilty to Counts Fourteen, Sixteen, and Seventeen of the Indictment. Count Fourteen of the Indictment charges the defendant with aggravated identity theft in violation of Title 18, United States Code, Section 1028A which carries a maximum penalty of a mandatory two year consecutive term of incarceration, up to a $250,000 fine, and a $100 special assessment. Count Sixteen charges the defendant with possessing fifteen or more unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3) which carries a maximum penalty of 10 years imprisonment, a $250,000 fine, 3 years supervised release, and a $100 special assessment. Count Seventeen charges the defendant with wire fraud in violation of 18 U.S.C. § 1343 which carries a maximum penalty of 20 years imprisonment, a $250,000 fine, 3 years supervised release and a $100 special assessment.

2. The United States agrees to move to dismiss Counts One through Thirteen, Fifteen, and Eighteen of the Indictment that was returned against the defendant on October 12, 2006.

3. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count Fourteen of the Indictment: (a) the defendant knowingly used, without lawful authority, a means of identification of another person; and (b) the defendant used the means of identification of another person during and in relation to a violation of the credit card fraud statute, 18 U.S.C. § 1029. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count Sixteen of the Indictment: (a) that credit card account information is an access device; (b) that the defendant possessed fifteen or more devices which are unauthorized access devices; (c) that the defendant acted knowingly and with intent to defraud; and (d) that interstate or foreign commerce was affected by defendant's actions. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count Seventeen of the Indictment: (a) the defendant knowingly devised a scheme or artifice to defraud; (b) the defendant did so with the intent to defraud; and (c) in advancing, or furthering, or carrying out this scheme to defraud, the defendant transmitted any writing, signal, or sound by means of a wire in interstate commerce or caused the transmission of any writing, signal or sound of some kind by means of a wire in interstate commerce.

4. The defendant knowingly, voluntarily, and intelligently admits the following facts: (a) that from in or around January 2005 through at least in or around May 2005, the defendant was a "carder," a person who traded, purchased, and/or sold other persons' credit card and

identity information via the Internet without the knowledge and/or permission of the other persons; (b) during this time, through "carding," the defendant fraudulently obtained and possessed the credit card and identity information of over fifteen persons and used that information to purchase various items, including computers and computer-related accessories and equipment; (c) in addition to "carding," sometime in or around May 2005, the defendant began to "phish" for credit card and identity information over the Internet; (d) on or about May 5, 2005, the defendant transmitted via the Internet tens of thousands of fraudulent emails purporting to be from PayPal, an online payment processor, and stating that "unusual activity" had been detected in the recipient's account, and that, therefore, "access to your account" was limited and would "remain limited until this issue is resolved" and directing that, in order to restore full access to their account, the recipient had to click on a link contained in the email; (e) once the recipient clicked on the link, s/he was sent to what appeared to be a legitimate PayPal screen that directed them to enter their name, address, phone number, Social Security number, mother's maiden name, driver's license number and issuing state, date of birth, credit card account information, and PayPal password, however, any information submitted was transmitted to the defendant, rather than to PayPal; (f) in this way, the defendant fraudulently obtained and possessed the credit card and identity information of over fifteen persons; (g) the defendant then used the information to make fraudulent credit card purchases and/or sold the information; and (h) the defendant's conduct as a both a "carder" and a "phisher" affected interstate commerce in that he transmitted emails to persons in other states.

5.      The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an

3

appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6. Based on the information known by the parties as of the date of this Memorandum of Plea Agreement, the parties hereby agree and stipulate that, using the fraudulently obtained identity and credit card information, the defendant purchased and/or attempted to purchase items valued in excess of $42,000.

7. Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, at sentencing, (a) the United States agrees not to contest a reduction under USSG §3E1.1(a) based on the defendant's conduct to date; and (b) if the Court determines that the defendant's offense level is 16 or higher, the United States agrees to move for a three level reduction under USSG §3E1.1(b) based on the defendant's conduct to date.

8. The defendant agrees to pay the $300 special assessment at the time of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of

Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

9. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. The defendant understands and agrees that if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea on that basis.

10. The defendant agrees to cooperate fully and truthfully with the Government as follows:

    a. Defendant agrees to provide truthful, complete and accurate information and testimony. The defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury. The defendant understands that if his prior statements to the Government are untruthful in any material way this agreement is violated and becomes void.

    b. Defendant agrees to provide all information concerning his knowledge of, and participation in, the subject matter of the Indictment of which he has knowledge.

    c. Defendant agrees that he will not falsely implicate any person or entity and he will not protect any person or entity through false information or omission.

    d. Defendant agrees to testify as a witness before any Grand Jury, hearing, or trial when called upon to do so by the Government.

    e.    Defendant agrees to hold himself reasonably available for any interviews as the Government may require.

    f.    Defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

    g.    Defendant understands that his cooperation shall be provided to any law enforcement agency as requested by counsel for the Government.

    h.    To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until his cooperation is complete.

    i.    Defendant agrees and understands that this agreement requires that his cooperation may continue even after the time that the defendant is sentenced. Failure to continue to cooperate after sentence is imposed shall be grounds to void this agreement.

    j.    Defendant agrees that if the Government determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime, other than violations or traffic offenses, between the date of this agreement and his sentencing, or has otherwise violated any other provision of this agreement, the agreement may be voided by the Government, and the defendant shall be subject to prosecution for any federal crime which the Government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation.

11.    If the Government in its sole discretion determines that the defendant has fulfilled his obligations of cooperation as set forth above, at the time of sentencing, the Government will:

    a.    Make the nature and extent of the defendant's cooperation known to the

Court.

        b.    Make a motion to allow the Court to depart from the Sentencing Guidelines pursuant to Sentencing Guideline §5K1.1, 28 U.S.C. §994(n), and 18 U.S.C. §3553(e), only if the Government, in its sole discretion, determines that the defendant has provided substantial and truthful assistance in the investigation or prosecution of another person who has committed an offense. The defendant understands that his debriefing and cooperation have not yet been completed and that a debriefing does not amount to substantial assistance.

        c.    Make whatever sentencing recommendation the Government deems appropriate.

12.    The defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which he may testify.

13.    The parties have agreed that, in consideration of the application of the section 3553(a) factors to this case, no reasonable sentence could be imposed that involves a term of imprisonment less than 12 months and one day in length. The parties agree that this is the case even in the event that the defendant provides substantial and truthful assistance and the Government files a motion as set forth in paragraph 11, above. As a result of this agreement:

        a.    The defendant understands that even should the Government file a motion to allow the Court to depart from the Sentencing Guidelines (having determined in its sole discretion that the defendant has fulfilled his obligations of cooperation as set forth above), the Government nonetheless will seek a term of imprisonment of at least 12 months and one day regardless of the nature and extent of the defendant's cooperation. That is, under no circumstances shall the Government recommend a term of incarceration that is less than 12

months and one day.

        b.      The defendant agrees that neither he, his counsel, nor any other person speaking or testifying on the defendant's behalf at sentencing (whether in person or by letter) will request, recommend, or otherwise suggest that the Court impose a sentence involving a term of incarceration less than 12 months and one day. The defendant understands that this prohibition applies to materials and statements submitted both to the Court and to the U.S. probation office during the preparation of the pre-sentence report in this matter.

        c.      The defendant knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255. The defendant understands that this waiver precludes him from contending that the sentencing judge imposed an unreasonable sentence. The defendant reserves his right to appeal only insofar as it is based on a claim that (1) defendant's sentence exceeded the statutory maximum, (2) that the sentencing judge erroneously departed upwards from the guidelines range, or (3) that his counsel was constitutionally ineffective.

14.      It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and

have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY<br>United States Attorney

_____     BY:_____
John T. Brothers, III                                Beth Moskow-Schnoll
Defendant                                            Assistant United States Attorney


_____
Christopher Koyste
Attorney for Defendant

Dated:


**AND NOW,** this ___ day of _____, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____<br>HONORABLE SUE L. ROBINSON<br>Chief United States District Court Judge